

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BILLY RELL MILES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:13-CV-345-A |
| | § | |
| JOE A. GRIMES, Warden, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

The court, having reviewed petitioner's application to proceed *in forma pauperis*, has determined that the petitioner is entitled to proceed *in forma pauperis* under 28 U.S.C. § 1915(A)(1)-(2).

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Billy Rell Miles, a state prisoner currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division in Fort Stockton, Texas. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be summarily dismissed as successive. No service has issued upon respondent.

I. FACTUAL AND PROCEDURAL HISTORY

The Court takes judicial notice of the pleadings and state

court records filed in petitioner's prior federal habeas petition, *Miles v. Dretke*, No. 4:05-CV-491-Y, wherein he challenged the same 1995 state court conviction for aggravated sexual assault by threats in Tarrant County, Texas. Petitioner filed his prior federal habeas petition in August 2005, and the petition was dismissed as time-barred on December 6, 2005.

## II. SUCCESSIVE PETITION

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A petition is successive when it raises a claim or claims challenging the petitioner's conviction or sentence that were or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

In this petition, the Court understands petitioner to raise the following grounds for relief:

(1) The trial court violated article 42.12, § 9(I) of the Texas Code of Criminal Procedure by not conducting a presentence investigation.

(2) His Sixth Amendment rights were violated because counsel advised him to change his plea from not guilty to guilty so as not "to look bad in front of the jury."

(3) The trial court did not admonish him as required by article

2

      26.13(a)(1) and (d) of the Texas Code of Criminal Procedure.

(4)   The trial court violated his right to due process by amending his indictment without his knowledge.

(Pet. at 6-7)

Petitioner claims he is now raising these claims for the first time because "new evidence DNA, art. 42.12 Sec. 9(i), art. 26.13(a)(1) and art. 26.13(d) all are new evidence." (Pet. at 8) However, petitioner could have raised these claims in his prior federal petition under the appropriate statutory provisions in effect at the time of his conviction. Furthermore, the "new" DNA evidence he relies on are 1993 DNA results from the "Fort Worth Police Department Crime Laboratory Physical Evidence Examination," reflecting there was no semen detected on the victim's panties, pillow and/or hair fragments. (Attach. to Pet.) A review of petitioner's prior habeas petition reveals that these results were known to petitioner at that time and available to petitioner before or during his 1995 plea proceedings. Consequently, on its face, this petition raises claims that were or could have been raised in petitioner's first habeas petition and is successive for purposes of 28 U.S.C. § 2244(b).

Before a petitioner may file a successive § 2254 petition, he must obtain authorization from the appropriate court of appeals.

3

28 U.S.C. § 2244(b)(3)(A). Petitioner has not demonstrated that he has obtained leave to file this petition from the Fifth Circuit Court of Appeals. Thus, this court is without jurisdiction to consider the petition. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not shown he has permission to file the petition from the Fifth Circuit Court of Appeals and made a substantial showing of the denial of a constitutional right.

SIGNED April 30, 2013.

JOHN McBRYDE
UNITED STATES DISTRICT JUDGE